ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 353-9187
Fax: (202) 514-6866
Ari.D.Kunofsky@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| EXERSCIENCE, INC., ) | |
| 6 Omega Court ) | |
| Middletown, NJ 07748, and ) | |
| ) | |
| JAMES McGREGOR, ) | |
| 6 Omega Court ) | |
| Middletown, NJ 07748, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR FEDERAL TAXES AND PERMANENT INJUNCTION

The United States of America, at the request of the Chief Counsel of the Internal Revenue

Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of

the United States, brings this suit to collect the federal employment, unemployment, and income

taxes assessed against Defendants Exerscience, Inc., and James McGregor, and to permanently

enjoin the Defendants from continuing to incur additional liabilities for unpaid federal employment

and unemployment taxes.

## JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred upon this Court by virtue of 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402(a).

2. Venue is proper in this district under 28 U.S.C. § 1396 because the Defendants are located in this judicial district.

## PARTIES

3. Plaintiff is the United States of America.

4. Exerscience, Inc., is a corporation organized under the laws of New Jersey and conducts business within this judicial district.

5. James McGregor resides in Middletown, New Jersey, which is within this judicial district.

## COUNT I: REDUCE FEDERAL EMPLOYMENT TAX ASSESSMENTS AGAINST EXERSCIENCE TO JUDGMENT

6. The United States incorporates the allegations set forth in paragraphs 1 through 5, above, as if fully set forth herein.

7. A delegate of the Secretary of the Treasury made the following federal employment tax (Form 941) assessments against Exerscience, Inc., for the tax periods identified below:

| Tax Period Ending | Date of Assessment | Amount of Initial Assessment | Balance as of March 7, 2018 |
|---|---|---|---|
| June 30, 2003 | 4/26/2010 | $10,400 | $414 |
| Sept. 30, 2003 | 4/26/2010 | $10,400 | $438 |
| Dec. 31, 2003 | 4/26/2010 | $10,400 | $2,738 |
| Mar. 31, 2004 | 4/26/2010 | $10,625 | $7,427 |
| June 30, 2004 | 4/26/2010 | $10,625 | $7,341 |
| Sept. 30, 2004 | 4/26/2010 | $10,625 | $7,261 |
| Dec. 31, 2004 | 4/26/2010 | $10,625 | $7,170 |
| Mar. 31, 2005 | 4/26/2010 | $10,690 | $7,194 |
| June 30, 2005 | 4/26/2010 | $10,690 | $7,086 |
| Sept. 30, 2005 | 4/26/2010 | $10,690 | $6,974 |

| Tax Period Ending | Date of Assessment | Amount of Initial Assessment | Balance as of March 7, 2018 |
|---|---|---|---|
| Dec. 31, 2005 | 4/26/2010 | $10,690 | $6,852 |
| Mar. 31, 2006 | 4/26/2010 | $10,740 | $12,457 |
| June 30, 2006 | 4/26/2010 | $10,740 | $12,257 |
| Sept. 30, 2006 | 4/26/2010 | $10,740 | $12,026 |
| Dec. 31, 2006 | 4/26/2010 | $10,740 | $11,798 |
| Mar. 31, 2007 | 4/26/2010 | $10,740 | $12,833 |
| June 30, 2007 | 4/26/2010 | $10,740 | $11,363 |
| Sept. 30, 2007 | 4/26/2010 | $10,740 | $11,147 |
| Dec. 31, 2007 | 4/26/2010 | $10,740 | $10,944 |
| Mar. 31, 2008 | 4/26/2010 | $11,675 | $11,710 |
| June 30, 2008 | 4/26/2010 | $11,675 | $11,546 |
| Sept. 30, 2008 | 4/26/2010 | $11,675 | $11,393 |
| Mar. 31, 2009 | 12/5/2011 | $4,077 | $8,708 |
| June 30, 2009 | 12/5/2011 | $4,077 | $8,626 |
| Sept. 30, 2009 | 12/5/2011 | $4,077 | $8,544 |
| Dec. 31, 2009 | 12/5/2011 | $4,077 | $8,463 |
| Mar. 31, 2010 | 12/5/2011 | $4,049 | $8,314 |
| June 30, 2010 | 12/5/2011 | $4,049 | $8,248 |
| Sept. 30, 2010 | 12/5/2011 | $4,049 | $8,169 |
| Dec. 31, 2010 | 12/5/2011 | $4,049 | $8,097 |
| Mar. 31, 2011 | 12/5/2011 | $3,815 | $7,569 |
| June 30, 2011 | 12/5/2011 | $4,470 | $8,282 |
| Sept. 30, 2011 | 4/8/2013 | $3,544 | $4,423 |
| Dec. 31, 2011 | 4/8/2013 | $3,544 | $4,297 |
| Mar. 31, 2012 | 4/1/2013 | $4,086 | $4,971 |
| June 30, 2012 | 4/1/2013 | $4,106 | $3,913 |
| Sept. 30, 2012 | 4/1/2013 | $4,003 | $4,067 |
| Dec. 31, 2012 | 4/1/2013 | $4,057 | $7,835 |
| Mar. 31, 2013 | 7/22/2013 | $4,501 | $7,713 |
| June 30, 2013 | 8/26/2013 | $4,752 | $7,341 |
| Sept. 30, 2013 | 12/30/2013 | $4,564 | $4,395 |
| Dec. 31, 2013 | 3/24/2014 | $2,756 | $7,341 |
| Mar. 31, 2014 | 12/8/2014 | $4,871 | $4,365 |
| June 30, 2014 | 9/15/2014 | $4,096 | $10,059 |
| Sept. 30, 2014 | 12/8/2014 | $6,461 | $4,533 |
| Dec. 31, 2014 | 3/30/2015 | $2,937 | $5,687 |
| Mar. 31, 2015 | 6/29/2015 | $4,962 | $4,780 |

| Tax Period Ending | Date of Assessment | Amount of Initial Assessment | Balance as of March 7, 2018 |
|---|---|---|---|
| June 30, 2015 | 9/21/2015 | $4,423 | $9,917 |
| Sept. 30, 2015 | 12/14/2015 | $6,561 | $4,523 |
| Dec. 31, 2015 | 3/14/2016 | $3,032 | $8,652 |
| Mar. 31, 2016 | 6/27/2016 | $5,964 | $665 |
| June 30, 2016 | 10/3/2016 | $6,279 | $5,761 |
| Sept. 30, 2016 | 1/2/2017 | $4,241 | $54 |
| | | **Total:** | **$388,681** |

8. Notice and demand for the payment of the tax assessments described in paragraph 7, above, was given to Exerscience.

9. Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal employment tax assessments described in paragraph 7, above.

10. Exerscience has failed to pay the full amounts due and owing, and there remains due and owing to the United States the sum of $388,681 as March 7, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

A.     That the Court enter judgment in favor of the United States and against Defendant Exerscience, Inc., for its delinquent employment tax liabilities for the various taxable quarters from the second quarter of 2003 to the fourth quarter of 2016, as set forth in paragraph 7, above, in the total of $388,681 as March 7, 2018, together with all with all interest and statutory additions that have accrued and will continue to accrue after that date according to law.

- 4 -

## COUNT II: REDUCE FEDERAL UNEMPLOYMENT TAX ASSESSMENTS AGAINST EXERSCIENCE TO JUDGMENT

11. The United States incorporates the allegations set forth in paragraphs 1 through 10, above, as if fully set forth herein.

12. A delegate of the Secretary of the Treasury made the following federal unemployment (Form 940) tax assessments against Exerscience, Inc., for the taxable periods described below:

| Tax Period | Date of Assessment | Amount of Tax Assessments | Balance as of May 21, 2018 |
|---|---|---|---|
| 2004 | 5/17/2010 | $868 | $285 |
| 2005 | 5/17/2010 | $868 | $270 |
| 2006 | 5/17/2010 | $868 | $255 |
| 2007 | 5/17/2010 | $868 | $1,681 |
| 2008 | 5/17/2010 | $868 | $1,553 |
| 2009 | 12/5/2011 6/11/2012 | $112 $704 | $1,563 |
| 2010 | 12/5/2011 6/11/2012 | $112 $704 | $1,509 |
| 2011 | 6/17/13 | $84 | $33 |
| 2015 | 4/18/2016 | $42 | $57 |
| 2016 | 5/8/2017 | $42 | $50 |
| | | **Total** | **$7,256** |

13. Notice and demand for the payment of the tax assessments described in paragraph 12, above, was given to Exerscience.

14. Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal unemployment tax assessments described in paragraph 12, above.

15. Exerscience has failed to pay the full amounts of the federal unemployment tax liabilities due and owing, and there remains due and owing to the United States the sum of $7,256 as of

May 21, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

B.     That the Court enter judgment in favor of the United States and against Exerscience, Inc., for delinquent federal unemployment taxes for tax year 2004 to 2011, 2015, and 2016 in the total amount of $7,256 as of May 21, 2018, together with all interest and statutory additions that have accrued and will continue to accrue after that date according to law.

## COUNT III: REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST EXERSCIENCE TO JUDGMENT

16. The United States incorporates the allegations set forth in paragraphs 1 through 15, above, as if fully set forth herein.

17. A delegate of the Secretary of the Treasury made the following federal income tax (Form 1120) assessments against Exerscience, Inc., for the tax periods identified below:

| Tax Period | Date of Assessment | Amount of Tax Assessment | Balance as of May 21, 2018 |
|---|---|---|---|
| 2003 | 12/27/2010 | $37,443 | $115,610 |
| 2004 | 12/27/2010 | $34,218 | $101,093 |
| 2005 | 12/27/2010 | $13,062 | $36,454 |
| 2006 | 12/27/2010 | $40,784 | $105,865 |
| 2007 | 12/27/2010 | $31,467 | $74,367 |
| 2008 | 12/27/2010 | $21,075 | $48,081 |
| | | **Total** | **$481,470** |

18. Notice and demand for the payment of the tax assessments described in paragraph 17, above, was given to Exerscience.

19. Interest and statutory additions to tax have accrued, and will continue to accrue, on the unpaid balance of the federal income tax assessments described in paragraph 17, above

20. Exerscience has failed to pay the full amounts of the federal income tax liabilities due and owing, and there remains due and owing to the United States the sum of $481,470 as of May 21, 2018, plus interest and statutory additions accruing after those dates according to law.

WHEREFORE, the United States requests:

C.      That the Court enter judgment in favor of the United States and against Exerscience, Inc., for delinquent income taxes for tax year 2003 to 2008 in the amount of $481,470 as of May 21, 2018, together with all interest and statutory additions that have accrued and will continue accruing thereafter according to law.

### COUNT IV: REDUCE TRUST FUND RECOVERY PENALTIES ASSESSED AGAINST WILLIAM McGREGOR TO JUDGMENT

21. The United States incorporates the allegations set forth in paragraphs 1 through 20, above, as if fully set forth herein.

22. Defendant William McGregor is the sole officer and owner of Defendant Exerscience, Inc.

23. At all times relevant to this suit, McGregor was a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the federal income, Social Security, and Medicare taxes withheld from the wages of the Exerscience, Inc.   As the sole officer and owner, he made the financial decisions for the company.   In addition, he signed checks, including payments to himself, and he signed employment tax returns (Form 941).

24. McGregor willfully failed to withhold, collect, and pay over those taxes to the Internal Revenue Service.   He instead allowed expenses to be paid, while these taxes were not being withheld, collected, and paid over.   McGregor chose to pay other creditors, including himself, rather than paying the funds that Exerscience held in trust over to the United States.

25. Under 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against William McGregor the trust fund recover penalty for the taxable periods and in the amounts listed below.   These trust fund recovery penalties represent the federal income, Social Security, and Medicare taxes that were withheld from the wages of the employees of Exerscience that were not paid over to the United States.

| Tax Period | Date of Assessment | Amount Assessed | Balance as of May 21, 2018 |
|---|---|---|---|
| June 30, 2013 | 1/16/2017 | $2,376 | $2,511 |
| Sept. 30, 2013 | 1/16/2017 | $2,282 | $2,411 |
| Dec. 31, 2013 | 1/16/2017 | $1,378 | $1,456 |
| Mar. 31, 2014 | 1/16/2017 | $2,435 | $2,573 |
| June 30, 2014 | 1/16/2017 | $2,048 | $2,164 |
| Sept. 30, 2014 | 1/16/2017 | $3,231 | $3,414 |
| Dec. 31, 2014 | 1/16/2017 | $1,469 | $1,552 |
| Mar. 31, 2015 | 1/16/2017 | $2,481 | $2,622 |
| June 30, 2015 | 1/16/2017 | $2,212 | $2,337 |
| Sept. 30, 2015 | 1/16/2017 | $3,280 | $3,466 |
| Dec. 31, 2015 | 1/16/2017 | $1,516 | $1,602 |
| Mar. 31, 2016 | 1/16/2017 | $2,982 | $3,151 |
| | | **Total:** | **$29,259** |

26. Notice and demand for payment of the income tax assessments described in paragraph 25, above, was given to McGregor.

27. Interest and costs have accrued, and will continue to accrue, on the unpaid balance of the trust fund recovery penalties described in paragraph 25, above.

28. McGregor has failed to pay the full amounts of the federal income taxes due and owing, and there remains due and owing to the United States the sum of $29,259 as of May 21, 2018, plus interests and costs accruing after that date according to law.

WHEREFORE, the United States requests:

D.      That the Court enter judgment in favor of the United States and against James McGregor for the trust fund recovery penalties assessed against him for the periods from June 30, 2013, to March 31, 2016, with respect to the unpaid federal employment taxes of Exerscience, Inc., in the amount of $29,259 as of May 21, 2018, together with all interest and costs that have accrued and will continue accruing thereafter according to law.

### COUNT V: PERMANENT INJUNCTION AGAINST
### DEFENDANTS EXERSCIENCE AND JAMES McGREGOR.

29. The United States incorporates the allegations set forth in paragraphs 1 through 0, above, as if fully set forth herein.

30. For various tax periods from 2003 to the present date, the Defendants have failed to comply with their federal tax obligations and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees but fails to remit those taxes to the IRS as mandated by law.

31. Such activity has been and continues to be a drain on the United States Treasury.

32. As an employer, Exerscience has been subject to federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

    a.   Withhold, account for, and pay over an estimated amount of income tax for each employee from each paycheck;

    b.  Withhold, account for, and pay over the employee portion of the tax imposed upon wages by the Federal Insurance Contributions Act (FICA) from each employee's paycheck;

    c.  Pay the employer portion of the tax imposed upon employee wages by FICA;

    d.  Submit Employer's Quarterly Federal Tax Return (Form 941) to the United States, along with any withheld employee income tax, withheld employee FICA tax, and the employer FICA tax not already deposited on or before the legal due date (approximately 30 days after the close of each calendar quarter);

    e.  Submit Employer's Annual Federal Unemployment Tax Return (Form 940) to the United States along with payment of tax as required by the Federal Unemployment Tax Act (FUTA); and

    f.  Make federal tax deposits of a frequency required by the Internal Revenue Code and implementing regulations.

33. The IRS has attempted to bring Exerscience into compliance with its federal payroll tax obligations and to collect past-due payroll taxes from the company, including by:

    a.  Meeting in person with Exerscience's power of attorney as well as Defendant James McGregor about the company's payroll tax obligations;

    b.  Recording Notices of Federal Tax Liens against Exerscience;

    c.  Attempting to negotiate arrangements to collect the past due payroll taxes with the Defendants;

    d.  Levying on Exerscience's bank account;

    e.   Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against McGregor for multiple periods described in paragraph 25, above, making him personally liable for the trust-fund portion of Exerscience's unpaid employment taxes; and

    f.   Hand-delivering an IRS Letter 903 and Notice 931 to McGregor on July 12, 2016, which put him and Exerscience on notice that if they continued to fail to comply with Exerscience's tax obligations, then the IRS might pursue a suit for civil injunction.

34. Exerscience has a long history of failing to timely file federal employment (Form 941) and unemployment (Form 940) tax returns, as well as failing to make the requisite tax payments of the liabilities due thereunder, which continues to this date.   More than 20 of the quarterly employment tax liabilities listed in paragraph 7, above, were assessed without the benefit of an Employer's Quarterly Federal Tax Return (Form 941) being filed.   For many of the remaining quarterly returns listed in paragraph 7, above, Exerscience filed its returns well after the due date.

35. Exerscience continues to incur liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code.   There is no evidence that Exerscience (or McGregor as its sole officer) will make the necessary effort to become compliant, absent a court order compelling them to do so. This noncompliance has resulted in an amount due that exceeds $873,388, plus such additional amounts as may continue to accrue as provided by law.   More taxes may be due given that the Defendants have failed to file Exerscience's unemployment tax return for the

year 2017 or its quarterly employment tax return for the periods ending December 31, 2017, or March 31, 2018.   All of these returns are now past due.

36. Exerscience pyramiding undermines the administrative tools available to the United States for collecting delinquent taxes, as indicated by the substantial liabilities in paragraph 7, 12, and 17, above.

37. An injunction against Exerscience and McGregor (including through any other entity that they may conduct business), requiring them to comply with their federal payroll tax obligations is necessary and appropriate for several reasons, including:

    a.      Traditional collection methods have not convinced Exerscience and McGregor to stop pyramiding payroll tax liabilities;

    b.      Anything other than an injunction will encourage Exerscience and /or McGregor to continue pyramiding because it gives the corporation or any similar entity the McGregor may form an unfair advantage over its tax-paying competitors;

    c.      Each new quarter without an injunction, Exerscience and McGregor continue to fail to pay its employment taxes, which accrues and the United States will be unable to collect.   The unpaid employee income taxes, however, must nevertheless be credited to the employees (like McGregor) from whose wages the taxes are withheld. Similarly, the unpaid FICA taxes (withheld portion and employer's portion) must be credited to the employees for purposes of eligibility for Social Security benefits.   In effect, Exerscience is stealing funds meant to be held in trust for the Government.

    d.      An injunction will not injure Exerscience as it will merely compel it to conduct business like every other tax-paying business in the United States.   Moreover,

an injunction will protect the public's interest in fair competition by halting Exerscience's illegal practices and leveling the playing field with its tax-compliant competitors.

WHEREFORE, the United States requests:

E.       that the Court find that Defendants Exerscience, Inc., and James McGregor have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws;

F.       that the Court find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Exerscience and McGregor from interfering with the enforcement of the internal revenue laws;

G.       that the Court enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

1.       Exerscience and McGregor shall cause Exerscience and any other employer entity that they control to withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of the FICA tax;

2.       Exerscience and McGregor shall cause Exerscience and any other employer entity that they control to timely deposit withheld employee income tax, withheld employee FICA tax, and employer FICA tax in an appropriate federal depository bank in accordance with federal deposit regulations;

3.       Exerscience and McGregor shall cause Exerscience and any other employer entity that they control to timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4.      McGregor shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5.      Exerscience and McGregor shall cause Exerscience and any other employer entity that they control to timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction and McGregor shall provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

6.      Exerscience and McGregor shall cause Exerscience and any other employer entity that they control to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7.      Exerscience, McGregor, and any other employer entity are enjoined from paying other creditors of Exerscience or from transferring, disbursing, or assigning any money, property, or assets of Exerscience after the date of the injunction order until after such time as the required deposits described in paragraphs G-1 and G-2, and any liabilities described in paragraph G-6, have been paid in full, for any tax period ending after the injunction is issued;

8.      Exercience and McGregor are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Exerscience employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

9.      Exerscience and McGregor shall permit a representative from the Internal Revenue Service to inspect Exerscience's books and records periodically with two days' notice of each inspection;

10.      McGregor shall notify, in writing, such revenue officer as the IRS designates, if he intend to or do form, incorporate, own, or work in a managerial capacity for another business entity.    Regardless of such notification, the preceding subparagraphs of this paragraph G shall apply to any employer entity controlled by McGregor.

H.      That the Court require Exerscience and McGregor to deliver to all of their current or future employees or to any other persons acting in active concert or participating with them, a copy of the Court's findings and injunction;

I.      That the Court retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance; and

J.      That the Court award the United States other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

//

//

//

## DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned designates the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

Chief, Civil Division
United States Attorney's Office
District of New Jersey
970 Broad Street, Ste. 700
Newark, New Jersey 07102

/s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


Dated: July 17, 2018,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

CRAIG CARPENITO
United States Attorney

*/s/    Ari D. Kunofsky*
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.   20044
Tel: (202) 353-9187
Fax: (202) 514-6866
Ari.D.Kunofsky@usdoj.gov

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a)  PLAINTIFFS**

United States of America,

**DEFENDANTS**

Exerscience, Inc., andJames McGregor

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Monmouth
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Ari D. Kunofsky, US Department of Justice- Tax Division
555 4th St., Suite 6112; Washington, DC 20001
ph. (202) 353-9187

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                                                                   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402
Brief description of cause:
Reduce Assessments to Judgment and Injunctive Relief

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $
873,388.00

CHECK YES only if demanded in complaint:
JURY DEMAND:        ☐ Yes      ☒ No

**VIII. RELATED CASE(S)
IF ANY**

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
07/17/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ari D. Kunofsky

**FOR OFFICE USE ONLY**

RECEIPT #                    AMOUNT                              APPLYING IFP                            JUDGE                              MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.     Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| United States of America, | ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No. |
| Exerscience, Inc., et al., | ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

        Exerscience, Inc.
        6 Omega Court
        Middletow, NJ 07748

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Ari D. Kunofsky
                      Trial Attorney
                      U.S. Department of Justice
                      PO Box 227
                      Washignton, DC 20001

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| United States of America, | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Exerscience, Inc., et al., | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

James McGregor
6 Omega Court
Middletow, NJ 07748

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Ari D. Kunofsky
Trial Attorney
U.S. Department of Justice
PO Box 227
Washignton, DC 20001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because _____ ; or

❐  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: